## BALLARD FUEL OIL TERMINAL CORPO-RATION v. MEXICAN PETROLEUM CORPORATION et al.

District Court, D. Massachusetts. October 19, 1927.

No. 2782.

**Monopolies ⬅17(1)—Causing another to break contract with plaintiff to destroy oil supply of plaintiff's parent corporation held not conspiracy to restrain trade.**

Defendant corporations, engaged in selling fuel oil in plaintiff's territory, did not, by obtaining control of the only other corporation selling fuel oil in such territory, in order to cause it to break its contract with plaintiff and thereby indirectly cut off the supply of plaintiff's parent corporation and destroy its business of manufacturing oil-burning equipment and selling fuel oil therefor, become guilty of conspiracy to restrain trade, in violation of anti-trust laws, in absence of any general plan or conspiracy to restrict or monopolize the trade in fuel oil.

At Law. Action by the Ballard Fuel Oil Terminal Corporation against the Mexican Petroleum Corporation and others. On defendants' demurrers to the declaration. Demurrers sustained.

Sherman L. Whipple, Claude B. Cross, and Boyd B. Jones, all of Boston, Mass., for plaintiff.

Charles F. Choate, Jr., of Boston, Mass., Dean Emery, of New York City, and Abbott Phillips, Chauncey E. Wheeler, and Harold A. Andrews, all of Providence, R. I., for defendants.

MORTON, District Judge. The plaintiff is the subsidiary of the Ballard Oil-Burning Equipment Company, referred to in the opinion filed herewith in the case brought by that company against these defendants. 22 F. (2d) 434. The present declaration sets up with much similarity of language the same conspiracy which forms the subject of count III in that case. The opinion in the Equipment Company Case may be referred to for the essential facts.

The present plaintiff was more directly affected by the alleged conspiracy than the Equipment Company, because it was this company which had the contract with the New England Oil-Refining Company, which it was the alleged object of the conspiracy to destroy, and it was the business of this plaintiff which was directly destroyed by the refusal of the New England Oil-Refining Company to continue deliveries of fuel oil under the contract. It is not alleged, however, that the Mexican Company and the New England Company, the only sources of supply of fuel oil in this territory, were engaged in any general plan of conspiracy to restrict or monopolize trade in it. The conspiracy charged in the declaration was aimed, not at business conditions generally in that trade, but only at bringing about an unlawful breach of the contract then outstanding between the plaintiff and the New England Company. As the plaintiff was the only competitor of the Heat & Power Company (according to the allegations), its elimination left that company alone in an interstate field. The success of the conspiracy thus affected interstate commerce. But it seems to me, as I have indicated in the opinion in the other case, very uncertain whether the conspiracy itself was of such character as to come within the scope of the anti-trust statutes. For reasons stated in that opinion, the proper course is to sustain the demurrers.

So ordered.